BARNS, Justice.
The two cases on appeal for the purpose of convenience and facility of discussion will be hereinafter referred to as the “Old Suit” and the “New Suit.” Both the Old Suit and the New Suit are mortgage foreclosures. Both involve the same parties in their same respective positions of plaintiffs-appellees and defendants-appellants; both involve the same land, and, in fact, both involve the same mortgage although the New. Suit also involves an additional mortgage.
Old Suit
'On June 6, 1952, appellees-plaintiffs filed their bill of complaint to foreclose a mortgage, thus initiating the Old- Suit. The *361 mortgage was a lien upon an undivided one-third interest in certain lands and secured a certain promissory note in the sum of $3,500, bearing date June 8, 1950. The Old Suit was instituted two days before maturity of the note and thirty-two days before the expiration of the grace period contained in the mortgage. Foreclosure was based upon an acceleration of the principal sum due to appellants’ failure' to pay the interest installment due June 8, 1951.
On July 5, 1952, appellants ‘filed their motion to dismiss, answer and counterclaim in the Old Suit. "The counterclaim real-leged the factual pattern-set up by the answer, setting forth generally that appellants had performed the work and labor on the land in question of which they were lessees and were owners in fee of an undivided one-third interest, and alleged that appel-lees and appellants were partners in the golf range venture and asked for a dissolution of the alleged partnership and an accounting or, in the alternative, that appellants who were lessees be reimbursed for work done and labor performed on the land.
New Suit
On September 30, 1952 appellees completed the pleadings in the Old Suit by filing a reply to the counterclaim and on the same day instituted the New Suit. The New Suit involved the same note and mortgage as the Old Suit but alleged, as a default, appellants’ failure to pay the principal sum due June 8, 1952 in addition to the default for failure to pay the interest installment due June 8, 1951. The thirty-day grace period of the mortgage had run, of course, during the Old Suit litigation. The New Suit also sought to foreclose a second mortgage on the same land, which mortgage secured a note in the sum of $500 maturing June 8, 1952.
On November 7, 1952 the court entered an order in the New Suit denying appellants’ motion to strike those portions of the New Suit already involved in the -Old Suit and granting appellees’ motion for summary final decree in opposition to which appellants filed affidavits.
On November 17, 1952 ten days after service of the order denying their motion to; dismiss, appellants filed and served. their counterclaim in the New Suit and on December 24, 1952 a final decree of foreclosure was entered in the New Suit, based upon the order of November 7, 1952. Appellants then filed in the Old Suit a motion to dismiss the Old Suit on the .ground -that recovery had already been had and moved for an order of reference so that .testimony could be taken on their Old Suit counterclaim. Appellees moved to dismiss defendants’ Old Suit counterclaim.on the grounds of-res-judicata.
After 'the entry of the final decree in the New Suit, appellants moved to stay enforcement of the final decree until their counterclaim in the Old and New Suits could be heard and adjudicated. This'hearing resulted in two orders, both rendered oru January 15, 1953.
The Old Suit order'of January 15, 1953, which forms the basis of the appeal, held:
“The controversy between the parties in this action is merged in a final decree entered December 24, 1952, in another action pending in this court wherein the said F. R. Gilbreth and F. F. -Gilbreth are plaintiffs, and the said M. W. Phelps and Harriet Phelps are defendants, being Chancery Case No. 17790. Thereupon it is
“Ordered and decreed that this action is dismissed without prejudice to the rights of the parties in said (New Suit).” ■
The New Suit order bearing, same date holding that the controversy involved,.in the two suits had become merged in the final decree of the New Suit, and then concluded that the New Suit counterclaim
“ * * * is not properly before the court, since it was filed without leave of court and after the entry of an order November 7, 1952, granting plaintiff's’ motion for summary decree. Thereupon,
“It is- ordered and decreed that- defendants’ motion for stay, etc., is denied; and that plaintiffs’ motion for clarification is denied.”
*362 ■. Appellants have duly perfected their appeals by filing their notice of appeal in both the Old Suit and the 'New Suit.
Conclusions
The order granting the motion for a summary decree and denying the motion to dismiss was on November 7th and the counterclaim was filed November 17th. Then, on November 24th, the final decree consequential to the November 7th order was entered. No assignment of error is directed to the final decree. Furthermore, the final decree appears to have been satisfied. All assignments of error are directed to the foregoing orders of January IS, 1953.
The counterclaim alleges that the plaintiffs and defendants were engaged in a partnership in the operation of a golf driving range on the land involved in the foreclosure suit. The ultimate facts plead in the counterclaim conform to and based on the provisions of the lease from the plaintiffs to the defendants the term of which lease commenced on January 1, 19S1 and was for a period of one year. See Exhibit B, Tr. Old Suit, p. 17(c). We fail to find within the terms of this document facts sufficient to justify an interpretation that it was a partnership. Furthermore, the lease was to the appellants for use by them in the operation of a driving range on their own behalf and according to the terms of the lease and the allegations of the counterclaim, the appellants managed the driving range, made reports to the lessors and there is no controversy over the accountings kept by the lessee-counter-claimants. The rental was determined by the net profits from the operation.
It is a rule of construction of pleadings that specific statements of fact will control over a general statement, and that conclusions of law contained in a pleading will be construed as drawn from the facts plead. In a suit in equity between partners concerning their interstitial rights and liabilities the pleading should allege the names of the partners, the term of' the partnership and the rights and interest of the partners. Since the counterclaim is deficient in averments as to these matters the allegations as to a partnership will be construed as drawn from the terms of the leases which fail to show a partnership.
The counterclaims in both suits and the affidavits in opposition to appellees’ motion for a summary decree are substantially the same in point of fact, none of which are sufficient in law as a defense or for affirmative relief.
If there was error in foreclosing a hearing on appellants’ counterclaims it was a mere procedural error and it has not been made to appear that such error has resulted in a miscarriage of justice.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRIN'G, JJ., concur.